UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT FILER,<br><br>        Plaintiff,<br><br>vs.<br><br>E. HAGER, et al.,<br><br>        Defendants | Case No. 1:12 cv 00980  GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on June 8, 2012 (ECF No. 3).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) CCI Tehachapi, brings this civil rights action against Defendant correctional officials employed by the CDCR at CCI. Plaintiff names the following individuals: Psychology Technician E. Hager; Counselor J. Barnes; Captain K. Sampson. Plaintiff's claim stems from the imposition of an R suffix in Plaintiff's central file resulting from a disciplinary hearing.

Plaintiff alleges that on June 24, 2011, Defendant Hager falsified an incident report "in retaliation of Plaintiff's constant complaints of her violating the privacy inmates are allowed as per CDCR rules." Plaintiff's specific allegation is that he was found guilty of the charged violation, despite factual inconsistencies in Defendant Hager's testimony. Plaintiff was charged with masturbating, based in part on Defendant Hager's initial statement that when she walked onto the tier, she saw Plaintiff standing at his urinal. At the disciplinary hearing, Hager testified that she saw Plaintiff at his cell window. Plaintiff contends that, as a result, he was falsely

2

convicted and, as a result, an R suffix was imposed on him. Plaintiff claims that he was denied due process and subjected to cruel and unusual punishment. Plaintiff also claims that he was injured in his ability to access the courts.

### A.     Imposition of R Suffix

The procedural guarantees of the Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. Ingraham v. Wright, 430 U.S. 651, 672 (1977); Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997). "To plead a procedural due process violation, a plaintiff must allege: (1) a life, liberty or property interest exists and has been subject to an interference by the state: (2) the procedures attendant upon the deprivation of an existing interest were constitutionally insufficient." Cooper v. Garcia, 55 F.Supp. 2d 1090, 1096 (S.D. Cal. 1999).

There is no constitutional right to a particular classification and so no right to procedural due process in the classification determination. Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976); Grennier v. Frank, 453 F.3d 442, 445 (7th Cir. 2006)(sex offender classification not subject to procedural protection when there is no impact on non-discretionary programs). The Supreme Court has recognized, however, that an inmate may be entitled to procedural due process when he is denied a liberty interest created by the state. Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 461 (1989). However, these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995). California has not created liberty interests in classification. Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).[2]

---

[2] Further, notwithstanding anything Plaintiff may have been told by prison officials, nothing in California Penal Code section 290 suggests that Plaintiff will be required to register upon his release from prison. What triggers the obligation to register is a conviction of a listed offense or parole after serving time for a listed offense.

Plaintiff has not alleged any facts suggesting that the imposition of an R suffix subjected him to an atypical and significant hardship in relation to the ordinary incidents of prison life. As noted, the imposition of the R suffix itself does not create a liberty interest. Plaintiff must allege some facts indicating that he was subjected to conditions that are atypical and significant. He has failed to do so. This claim should therefore be dismissed.

### B. Cruel and Unusual Punishment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994)(citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety . . . .Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked

---

See Cal. Penal Code § 290(a)(1)(A) & (2). Because Plaintiff was not convicted of an underlying offense, he will not be required to register whether or not an R suffix has been imposed.

4

knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Plaintiff has not alleged any facts indicating that he was subjected to any conditions constituting cruel and unusual punishment, as that term is defined above. The imposition of an R suffix does not, of itself, subject defendants to liability under the Eighth Amendment. Plaintiff must allege facts indicating that each of the named defendants knew of a specific danger to Plaintiff, and acted with deliberate indifference to that danger. A generalized fear of harm resulting from the imposition of an R suffix is insufficient to satisfy that standard. This claim should therefore be dismissed.

### C. Access to Courts

Plaintiff filed his complaint on a form complaint for § 1983 actions. In the space titled "injury," Plaintiff indicates that he has been injured in his ability to "bring civil rights violations by Defendant E. Hager to the federal courts."

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to a state constitutional claim. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element. Casey v. Lewis, 518 U.S. 343 (1996).

To establish a Bounds violation, prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim. Casey, supra, 518 U.S. 343, 347. The right of access does not require the State to "enable the prisoner

5

to discover grievances" or to "litigate effectively once in court."   The Casey court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim . . . Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, 518 U.S. at 346.

Plaintiff has not alleged any facts indicating that any of the defendants engaged in conduct that in any way prohibited him from filing a lawsuit challenging the conditions of his confinement.  This claim should therefore be dismissed.

### III.  Conclusion and Order

Plaintiff has failed to state a claim for relief under any of his claims.  The complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.   Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended

complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: __August 7, 2014__

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE