UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT FILER,<br><br>        Plaintiff,<br><br>   vs.<br><br>E. HAGER, et al.,<br><br>        Defendants. | 1:12-cv-00980-GSA-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(ECF No. 8.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

## I.   BACKGROUND

Bryant Filer ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.[1]  On June 18, 2012, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

On June 28, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 3.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

---

[1] Plaintiff paid the filing fee in full for this action on July 3, 2012.  (Court Record.)

1

The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on August 8, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 7.) On September 2, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 8.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///

### III.  SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Correctional Institution (CCI) in Tehachapi, California, where the events at issue in the First Amended Complaint allegedly occurred.  Plaintiff names as defendants Psychiatric Tech E. Hager, Correctional Counselor J. Barnes, and Inmate Appeals Coordinator K. Sampson (collectively, "Defendants").  Defendants were employed by the CDCR at CCI at the time of the events at issue.  Plaintiff's factual allegations follow.

Defendant E. Hager wrote a false report against Plaintiff for indecent exposure, and gave false statements during Plaintiff's disciplinary hearing, at which Plaintiff was denied witnesses.  Defendant Hager falsified the report in retaliation for Plaintiff filing complaints about Hager violating Plaintiff's right to privacy.  Plaintiff received an "R" suffix, which has caused Plaintiff to suffer overwhelming emotional stress and hypertension.  Inmates are forced to show their inmate classification committee 128-G [form] to other inmates, and those inmates with an "R" suffix are assaulted.  Knowing this, defendant Hager's falsification of her report shows deliberate indifference, to cause harm to Plaintiff.

Defendant J. Barnes denied Plaintiff due process by ignoring the fact that Plaintiff has no history of inappropriate sexual conduct in his C-File, and the "R" suffix is unwarranted.

Defendant K. Sampson denied Plaintiff access to the courts by denying him due process of the inmate appeals process.  Defendant Sampson ordered Plaintiff to amend his original complaint, and when Plaintiff complied, Sampson denied the complaint on grounds of time constraint violation.

Plaintiff requests declaratory relief, injunctive relief consisting of an order invalidating his disciplinary proceeding, and costs of suit.

### IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.   Due Process -- Imposition of "R" Suffix

The procedural guarantees of the Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. Ingraham v. Wright, 430 U.S. 651, 672 (1977); Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997). "To plead a procedural due process violation, a plaintiff must allege: (1) a life, liberty or property interest exists and

has been subject to an interference by the state; and (2) the procedures attendant upon the deprivation of an existing interest were constitutionally insufficient." Cooper v. Garcia, 55 F.Supp. 2d 1090, 1096 (S.D. Cal. 1999).

There is no constitutional right to a particular classification and so no right to procedural due process in the classification determination. Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976); Grennier v. Frank, 453 F.3d 442, 445 (7th Cir. 2006) (sex offender classification not subject to procedural protection when there is no impact on non-discretionary programs). The Supreme Court has recognized, however, that an inmate may be entitled to procedural due process when he is denied a liberty interest created by the state. Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 461 (1989). However, these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995). California has not created liberty interests in classification. Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff alleges that defendants Hagar and Barnes denied him due process when he was classified with an "R" suffix. However, Plaintiff has not alleged any facts suggesting that the imposition of an "R" suffix subjected him to an atypical and significant hardship in relation to the ordinary incidents of prison life. As noted, the imposition of the R suffix itself does not create a liberty interest. Plaintiff must allege some facts indicating that he was subjected to conditions that are atypical and significant. He has failed to do so. This claim should therefore be dismissed.

**B.   Due Process -- Appeals Process**

Plaintiff alleges that defendant Sampson denied him due process in the appeals process when Sampson improperly denied Plaintiff's complaint as untimely. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495

(8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

### C. Eighth Amendment Deliberate Indifference

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety . . . . Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable

measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Plaintiff has not alleged any facts indicating that he was subjected to any conditions constituting cruel and unusual punishment, as that term is defined above. The imposition of an "R" suffix does not, of itself, subject Defendants to liability under the Eighth Amendment. Plaintiff must allege facts indicating that each of the named Defendants knew of a specific danger to Plaintiff, and acted with deliberate indifference to that danger. A generalized fear of harm resulting from the imposition of an "R" suffix is insufficient to satisfy that standard. This claim should therefore be dismissed.

### D. Access to Courts

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to a state constitutional claim. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). More recent Supreme Court precedent has abolished such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element. Casey v. Lewis, 518 U.S. 343 (1996).

To establish a Bounds violation, prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim. Casey, 518 U.S. at 347. The right of access does not require the State to "enable the prisoner to discover grievances" or to "litigate effectively once in court." The Casey court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim . . . Bounds does not guarantee inmates the wherewithal to transform

> themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, 518 U.S. at 346.

Plaintiff has not alleged any facts indicating that any of the Defendants engaged in conduct that in any way prohibited him from filing a lawsuit challenging the conditions of his confinement. This claim should therefore be dismissed.

**E.     Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 482). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Here, Plaintiff asserts that defendant Hagar took an adverse action against him by falsely accusing Plaintiff of indecent exposure, because Plaintiff had filed inmate grievances

against defendant Hagar. This assertion satisfies the first and third elements of a retaliation claim, that Plaintiff exercised protected conduct, and that a state actor took some adverse action against an inmate.

However, Plaintiff has not alleged that Hagar's action chilled Plaintiff's exercise of his First Amendment rights. To state a claim for retaliation, Plaintiff "must allege that the 'official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.'" Watison, 668 F.3d at 1114 (quoting Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted)). "'[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm,' Brodheim, 584 F.3d at 1269, that is 'more than minimal,' Robinson, 408 F.3d at 568 n.11." Watison at 1114.

Further, Plaintiff has not alleged that Hagar's action did not advance legitimate correctional goals. "A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, Rizzo, 778 F.2d at 532, or that they were 'unnecessary to the maintenance of order in the institution,' Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)." Watison, 668 F.3d at 1114.

More importantly, Plaintiff fails to show that Hagar acted against him *because of* Plaintiff's grievances. Plaintiff must allege a causal connection between the adverse action and the protected conduct. Watison at 1114. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. Id. (citing see Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987)).

Therefore, Plaintiff's claim for retaliation fails.

## VI.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." In light of the fact that Plaintiff added a retaliation claim to the First Amended Complaint, and the Court

now informs Plaintiff by this order of the requirements for stating a cognizable retaliation claim, Plaintiff shall be granted another opportunity to amend the complaint, within thirty days.

The Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding allegations of events occurring or claims arising after the original Complaint was filed on June 18, 2012. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff should take care to include only those claims that were administratively exhausted before he filed the initial Complaint on June 18, 2012.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint, filed on September 2, 2014, is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:12-cv-00980-GSA-PC; and
5. If Plaintiff fails to comply with this order, this action may be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 29, 2015**              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE