UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT JOSEPH FILER,<br><br>        Plaintiff,<br><br>   vs.<br><br>E. HAGER, et al.,<br><br>        Defendants. | 1:12-cv-00980-EPG-PC<br><br>ORDER DISMISSING DEFENDANTS BARNES AND SAMPSON FROM THIS CASE UNDER RULE 41<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br>(ECF No. 13.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE STRIKES" PROVISION OF 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.     BACKGROUND**

Plaintiff Bryant Joseph Filer ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On June 18, 2012, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On June 28, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 3.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Court screened the Complaint pursuant to 28 U.S.C. §1915A and issued an order on August 18, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 7.) On September 2, 2014, Plaintiff filed the First Amended Complaint. (ECF No. 8.) On September 30, 2015, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 10.) On October 30, 2015, Plaintiff filed the Second Amended Complaint, which is now before the Court for screening. (ECF No. 13.)

**II.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///

### III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at Pelican Bay State Prison in Crescent City, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there. Plaintiff names as defendants E. Hager (Psych Tech), J. Barnes (Correctional Counselor), and K. Sampson (Appeals Coordinator). Plaintiff's allegations follow.

Defendant E. Hager, Psych Tech at CCI, submitted a falsified report accusing Plaintiff of indecent exposure, after Plaintiff complained to his staff psychologist K. Nessan [not a defendant] about violation of his privacy. Plaintiff has no way to prove that the allegation of indecent exposure is false. Plaintiff concludes that E. Hager acted against him in retaliation.

After a hearing on the Rules Violation, where Plaintiff was denied witnesses by the Senior Hearing Officer (SHO), an "R" suffix was placed on Plaintiff's classification 128-G chrono. Plaintiff alleges that Defendant E. Hager misled the SHO when she stated that she was at Plaintiff's neighbors' cell for ten minutes, to give the impression that Plaintiff had an adequate amount of time to become aroused. Plaintiff explained this to his neighbors after the hearing, and the two inmates wrote declarations stating that E. Hager is lying and never stayed at their door for ten minutes. The inmates also stated that E. Hager only asked "if they are 'alright and if they need a puzzle.'" (ECF No. 13 at 4.) Plaintiff alleges that E. Hager never announces her arrival into the building's section E, and Plaintiff did not know Hager was on the tier initially and only saw her descend the stairs.

Plaintiff knew that his witnesses were his only chance to show the inconsistency in E. Hager's report. Plaintiff asked the SHO to ask Hager how long she stayed at Plaintiff's neighbors' door.

Plaintiff's "R" suffix has caused him to suffer emotional stress and hypertension. Inmates are forced to show their inmate classification form 128-G to other inmates, and those inmates with "R" suffixes are assaulted. Knowing this, defendant Hager's falsification of her report was retaliatory. Plaintiff alleges that Hager intended to silence Plaintiff's First

Amendment activities. Plaintiff states that defendant Hager's adverse action was "unnecessary to the maintenance of order in the institution." (ECF No. 13 at 3 ¶IV.)

Plaintiff requests declaratory relief, costs of suit, and injunctive relief consisting of an order invalidating his disciplinary proceeding.

### IV. PLAINTIFF'S NOTICE OF DISMISSAL OF DEFENDANTS – RULE 41

In the Second Amended Complaint, Plaintiff states that he "wishes to withdraw complaints against K. Sampson and J. Barnes, and ask the Court to cease judicial consideration for injunctive relief against the defendants K. Sampson and J. Barnes." (ECF No. 13 at 4.) The Court treats this request as a notice of dismissal of defendants K. Sampson and J. Barnes and all of the claims against them from this case under Rule 41(a)(1). In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). In this case, none of the defendants have filed an answer or motion for summary judgment. Therefore, Plaintiff's notice of dismissal was effective on the date it was filed, and defendants K. Sampson and J. Barnes and all of Plaintiff's claims against them are dismissed from this action.

### V. PLAINTIFF'S CLAIMS AGAINST DEFENDANT HAGER

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

### A. Due Process -- Imposition of "R" Suffix

To the extent that Plaintiff seeks to bring a claim for violation of his rights to due process, Plaintiff is advised that the procedural guarantees of the Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. Ingraham v. Wright, 430 U.S. 651, 672 (1977); Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997). "To plead a procedural due process violation, a plaintiff must allege: (1) a life, liberty or property interest exists and has been subject to an interference by the state; and (2) the procedures attendant upon the deprivation of an existing interest were constitutionally insufficient." Cooper v. Garcia, 55 F.Supp. 2d 1090, 1096 (S.D. Cal. 1999).

There is no constitutional right to a particular classification and so no right to procedural due process in the classification determination. Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976); Grennier v. Frank, 453 F.3d 442, 445 (7th Cir. 2006) (sex offender classification not subject to procedural protection when there is no impact on non-discretionary programs). The Supreme Court has recognized, however, that an inmate may be entitled to procedural due process when he is denied a liberty interest created by the state. Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 461 (1989). However, these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . .

nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995). California has not created liberty interests in classification. Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff alleges that he was denied witnesses at his Rules Violation hearing, at which Plaintiff was classified with an "R" suffix for indecent exposure. However, as the Court found in relation to the First Amended Complaint, Plaintiff fails to state a due process claim because he "has not alleged any facts suggesting that the imposition of an "R" suffix subjected him to an atypical and significant hardship in relation to the ordinary incidents of prison life. As noted in the prior screening order, "[T]he imposition of the R suffix itself does not create a liberty interest." (ECF No. 10 at 5:19-20.)

### B.  **Retaliation**

Plaintiff alleges that defendant Hager falsely accused him of indecent exposure, in retaliation for Plaintiff making complaints to his staff psychologist K. Nessan [not a defendant] about violation of Plaintiff's right to privacy [by defendant Hager].[1]

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

---

[1] Plaintiff does not specifically allege in the Second Amended Complaint that he was retaliated against by E. Hager for complaining about *E. Hager's* violation of his right to privacy. However, Plaintiff alleges in the original Complaint that "Psych-Tech E. Hager filed a falsified Incident Report in retaliation of Plaintiff's constant complaints of *her* violating the privacy inmates are allowed," (ECF No. 1 at 3 ¶3) (emphasis added), and alleges in the First Amended Complaint that "*Defendant Hager* . . . falsified a state report in retaliation to Plaintiff's prior complaints regarding *the Defendant* violating prisoners [*sic*] right to privacy," (ECF No. 8 at 3-4) (emphasis added).

Allegations asserted by *pro se* petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears *in pro per* in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. Jackson v. Carey, 353 F. 3d 750, 757 (9th Cir. 2003), citing Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988.). Therefore, the Court finds that an inference can be drawn that Plaintiff alleges in the Second Amended Complaint that he was retaliated against by E. Hager for complaining about *E. Hager's* violation of his right to privacy.

such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Plaintiff alleges that he made complaints to his psychologist that defendant Hager had violated Plaintiff's right to privacy, and afterward defendant Hager filed a false report against Plaintiff. However, Plaintiff has not alleged facts showing a causal connection between Hager's adverse action and Plaintiff's complaints to his psychologist. There are no factual allegations showing that defendant Hager knew about Plaintiff's complaints to his psychologist or that Hager made a false report *because* Plaintiff complained about her. The chronology of events, without more, is not sufficient to show a causal connection between the adverse action and the protected conduct. Therefore, Plaintiff fails to state a cognizable claim for retaliation against defendant Hager.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed three complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez, 203 F.3d at 1127.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of dismissal of defendants K. Sampson and J. Barnes is effective as of the date it was filed;

2. Defendants K. Sampson and J. Barnes, and all of Plaintiff's claims against them, are DISMISSED from this action under Rule 41;

3. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;

4. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

5. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: __**June 9, 2016**__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE